UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| | ) | CRIMINAL NO. |
| v. | ) | 07-10085-DPW |
| | ) | |
| JAMES BUNCHAN, | ) | CIVIL ACTION NO. |
| | ) | 12-10411-DPW |
| Defendant/Petitioner. | ) | |

MEMORANDUM & ORDER
March 31, 2016

The petitioner, who was found guilty of federal crimes relating to the use of the facilities of interstate commerce in connection with a plan to commit murder for hire of his co-defendant and certain government witnesses, brings this motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. His conviction and sentence were affirmed on direct appeal. *United States* v. *Bunchan*, 626 F.3d 29 (1st Cir. 2010). By this petition he makes claims not raised in that appeal and justifies his resort to collateral attack on grounds his appellate counsel engaged in ineffective assistance of counsel by failing to raise them. None of the claims has merit and competent appellate counsel would understandably decline to raise them. Because they were without merit, they would not have influenced the First Circuit's affirmance and consequently the petitioner suffered no prejudice. The motion will be denied.

Initially, the petitioner raised three new claims. Because they were not presented in the direct appeal, they are subject to procedural default unless the petitioner can show "both (1) 'cause' for having procedurally defaulting . . .;

and (2) 'actual prejudice' resulting from the alleged error." *Bucci* v. *United States*, 662 F.3d 18, 27 (1st Cir. 2011). Constitutionally, deficient representation can constitute "cause." *Id.* at 29. However, there was nothing constitutionally deficient in failing to pursue the claims newly asserted by the petitioner.

First, whether approached as error generally, or more specifically from the perspective of plain error because trial counsel did not raise an objection, the claim that Agent McCormick's testimony was somehow inadmissible is meritless. She testified from personal knowledge regarding the course of the investigation. *Cf. United States* v. *Flores-De-Jesus*, 569 F.3d 8 (1st Cir. 2009).

Second, no special verdict form was required for Count I because any potential for a duplicitousness problem was obviated by the unanimity instructions made and repeated to the jury. *Cf. United States* v. *Newell*, 658 F.3d 1, 28 (1st Cir. 2011).

Third, Count Two charging the petitioner with solicitation of a violent felony in furtherance of obstruction of justice was not duplicitous. It raised, as the jury was instructed, the charge of solicitation and did not require proof that the violent felony or felonies being solicited actually occurred. *See generally* Sen. Rep. No. 98-225 (1983), *reprinted in* 1984 U.S.C.C.A.N. 3182, 3487.

After filing his § 2255 motion with the three initial claims, the defendant raised an additional claim through a motion (#98) alleging the court was without jurisdiction to adjudicate the indictment upon which his conviction and sentence were based. This claim is frivolous. There was nothing irregular

under 28 U.S.C. § 547 in the prosecution of the petitioner by indictment without resort to complaint.

Accordingly, the petitioner's motion to vacate under 28 U.S.C. § 2255 is DENIED.

                                                ***/s/ Douglas P. Woodlock***
                                                DOUGLAS P. WOODLOCK
                                                UNITED STATES DISTRICT JUDGE